UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TYRONE NATHAN, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:19-cv-00424-JRS-MJD |
| ) | |
| T. WATSON, ) | |
| UNDERWOOD, ) | |
| TAYLOR, ) | |
| SHOEMAKER, ) | |
| PARKER, ) | |
| GORE, ) | |
| RUGGERI, ) | |
| ) | |
| Defendants. ) | |

**ENTRY DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

The motion for temporary restraining order and a preliminary injunction, dkt [10], filed by Plaintiff Tyrone Nathan, Sr., dkt [10], is **denied.**

The plaintiff is an inmate at the United States Penitentiary in Terre Haute, Indiana. He filed this civil action against seven individuals that are employed by the Bureau of Prisons. The screening order identified four claims, one of which is relevant to the pending motion for temporary restraining order and preliminary injunction. Specifically, Mr. Nathan alleges that he is a protective custody inmate but that he is exposed to non-protective custody inmates, including his known enemies. Mr. Nathan alleges that the defendants' failure to correct this problem reflects their deliberate indifference to his safety in violation of the Eighth Amendment. Dkt. 16 at p. 2.

Mr. Nathan expands on this allegation in his motion for injunctive relief. He argues that the defendants continue to fail to provide reasonable safety for the plaintiff "and in fact are doing

1

things to provoke other prisoners to attack/assault/and even kill the plaintiff." Dkt. 10 at p. 2. Mr. Nathan states that he has been attacked by an unidentified inmate and continues to be placed in a cell with that inmate. Mr. Nathan asserts generally that he is a protective custody inmate that continues to be "mixed" in with non-protective custody inmates. Dkt. 4 at p. 8. Specifically, he continues to be exposed to inmates that have vowed to kill him in his housing unit, during recreation and during transport. Dkt. 10 at p. 5.

Mr. Nathan seeks a court order directing the Warden to take three actions: 1) cease exposing him to non-protective custody inmates (i.e., general population inmates) in his housing unit, and during recreation and transport; 2) transfer him to another facility; 3) grant him access to the same items as permitted in the general population.

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). "To survive the threshold phase, a party seeking a preliminary injunction must satisfy three requirements." *Valencia v. City of Springfield, Illinois*, 883 F.3d 959, 966 (7th Cir. 2018) (internal quotations omitted). It must show that: (1) "absent a preliminary injunction, it will suffer irreparable harm in the interim period prior to final resolution of its claims"; (2) "traditional legal remedies would be inadequate"; and (3) "its claim has some likelihood of succeeding on the merits." *Id.* Only if the moving party meets these threshold requirements does the court then proceed to the balancing phase of the analysis. *Id.* In the balancing phase, "the court weighs the irreparable harm that the moving party would endure without the protection of the preliminary injunction against any irreparable harm the nonmoving party would suffer if the court were to grant the requested relief." *Id.* Mr. Nathan's motion for preliminary injunction is considered in light of the special environment of a prison, where administrators "must be accorded wide-ranging

deference in the . . . execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Pardo v. Hosier*, 946 F.2d 1278, 1280-81 (7th Cir. 1991) (internal quotations omitted).

Mr. Nathan's assertion that he is entitled to complete separation from all general population inmates or transfer to another facility is not a claim likely to succeed on the merits. There is no basis to conclude that all general population inmates are a threat to his safety or that all inmates who are in protective custody do not pose Mr. Nathan any harm. If Mr. Nathan can identify the individual who attacked him and that he continues to encounter, he would have a much better chance of success in seeking separation from that individual prisoner. The current record does not place the court in a position to make the classification and housing decisions Mr. Nathan seeks. These decisions are best left the expertise of prison administrators.

Similarly, Mr. Nathan's request for a court order directing the Warden to allow him the same property as is permitted in the general population is **denied.** Such decisions are best left to prison administrators and Mr. Nathan is unlikely to succeed on a claim that the denial of all items permitted in general population violates his constitutional rights.

For these reasons, the motion for temporary restraining order and preliminary injunction, dkt [10], is **denied.**

IT IS SO ORDERED.

Date: 6/25/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

TYRONE NATHAN, SR.
14769-040
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Lara K. Langeneckert
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
lara.langeneckert@usdoj.gov